**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS COMANS, III,

Defendant - Appellant.

No. 10-10151

D.C. No. 2:07-cr-00270-RLH-GWF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief Judge, Presiding

Submitted February 16, 2011[**]
San Francisco, California

Before:  W. FLETCHER, TALLMAN, and CALLAHAN, Circuit Judges.

Thomas Comans, III, appeals his jury conviction for soliciting sex with a

minor over the internet.  He challenges the district court's denial of two requests

for change of counsel, both of which were made within two weeks of a retrial.  It is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

undisputed that either motion, if granted, would have required a continuance. We affirm.[1]

We review the denial of motions to substitute or withdraw counsel for an abuse of discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (motion to withdraw); *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380 (9th Cir. 1991) (motion to substitute), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995). In doing so, we consider three factors: (1) the adequacy of the inquiry into the alleged conflict between the defendant and counsel, (2) whether the conflict resulted in a total lack of communication preventing an adequate defense, and (3) the timeliness of the motion and possible delay. *Carter*, 560 F.3d at 1113; *Torres-Rodriguez*, 930 F.2d at 1380 & n.2 (explaining that the three-factor analysis applies to a motion to substitute retained counsel where trial would be delayed as a result).

1. Here, the three factors support the denial of counsel's motion to withdraw. First, during an ex parte hearing, the district court fully explored the conflict over the defense strategy for retrial. This inquiry provided a sufficient basis for the district court to make an informed decision. Notably, Comans has not

---

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

indicated what information the district court lacked in making its decision.

Second, the disagreement over defense strategy is insufficient, without more, to establish a conflict that would prevent an adequate defense. *United States v. Reyes-Bosque*, 596 F.3d 1017, 1034 (9th Cir. 2010) (concluding that defendant's dissatisfaction with defense strategy did not require change of counsel), *cert. denied*, 2011 U.S. LEXIS 286 (U.S. Jan. 10, 2011).

Third, the district court found that the delay of retrial was unjustified because the motion to withdraw was motivated by fee issues and Comans's desire to delay retrial, rather than the conflict. The district court's findings are not clearly erroneous given counsel's focus on fee issues and Comans's history of requesting continuances shortly before trial. *See Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) (a district court's findings are not in clear error if "plausible in light of the record viewed in its entirety"); *United States v. Thompson*, 587 F.3d 1165, 1174–75 (9th Cir. 2009) (history of continuances supported court's finding that motion for change of counsel was brought for delay).

Accordingly, the district court did not abuse its discretion by denying the motion to withdraw.

2. Consideration of these three factors also supports the district court's denial of the motion for substitution of counsel. First, the district court held

another hearing that provided a sufficient basis for the court's decision. Comans again has not pointed to any information the court lacked in reaching its decision.

Second, although there was a breakdown in communications after the denial of counsel's motion to withdraw, it did not prevent an adequate defense because counsel had already discovered all of the relevant facts in the case and developed a full defense theory. *Cf. Brown v. Craven*, 424 F.2d 1166, 1169–70 (9th Cir. 1970) (discussing a debilitating conflict that prevented counsel from developing the facts, interviewing witnesses, and putting on more than a perfunctory defense). The record reflects that counsel's decision not to call witnesses at retrial was tactical and not the result of a breakdown in communications.

Third, the district court's finding that delay of retrial was unjustified is supported by Comans's history of continuances, *see Thompson*, 587 F.3d at 1174–75, as well as the district court's assessment that the conflict over the use of expert testimony was inconsequential because there were no issues for which expert testimony would be warranted.

Accordingly, the district court did not abuse its discretion by denying the motion to substitute.

**AFFIRMED.**

10-10151